## Louisville & Nashville Railroad Company v. City of Louisville.

(Decided January 18, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Eminent Domain—Street Extension—Necessity—Public Use.— The necessity for extending or opening streets, as well as the necessity for condemning rights of way, is a matter which has been confided to the decision of the municipal authorities, and their judgment is conclusive upon the courts unless it be made to appear that the use was palpably private, or the necessity for the taking was without any reasonable foundation.

2.  Eminent Domain—Extension of Streets—Necessity—Evidence—
Admissibility.—In a proceeding by a city to condemn a crossing
over a railroad right of way for the purpose of extending a
street to connect with another street, evidence that there were
other ways, both near and remote, by which the other street
and property in that section could be reached, and that with
the proposed extension the blocks in that section would not be
as long as they were in other sections of the city, was properly
rejected as not being sufficient to authorize the court to sub-
stitute its judgment for that of the municipal authorities on the
question of necessity.

3.  Eminent Domain—Crossings—Condemnation—Measure of Dam-
ages.—In a proceeding by a city to condemn a crossing over a
railroad right of way for a street extension the measure of the
railroad company's damages is the difference in value between
the exclusive and the joint use of its right of way.

4.  Eminent Domain—Street Crossing Over Railroad—Condemnation
—Damages—Evidence.—In a proceeding by a city to acquire a
street crossing over a railroad right of way, evidence examined
and held that a finding of $250.00 as damages to the railroad
company was not flagrantly against the evidence.

TRABUE, DOOLAN, HELM & HELM and BENJAMIN D. WAR-
FIELD for appellant.

JOSEPH S. LAWTON and HARRY E. TINCHER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The general council of the city of Louisville enacted
an ordinance authorizing the extension of Hillcrest ave-
nue from the northerly line of the right of way of the
Louisville & Nashville railroad across said right of way
to the northerly line of Frankfort avenue, and directing
the board of public works and the city attorney to take
the necessary steps to condemn an easement over the
railroad right of way. Subsequently an order was made
by the board of public works directing the condemnation,
and a suit was instituted by the city for that purpose.
The jury fixed the railroad company's damages at
$250.00 and the company appeals.

It is first insisted that the trial court erred in ex-
cluding evidence tending to show that there was no
necessity for the proposed extension. It is the estab-
lished rule that the necessity for opening or extending
streets, as well as the necessity for condemning rights
of way for such purposes, is a matter which has been
confided to the decision of the municipal authorities,

and their judgment is conclusive upon the courts unless it be made to appear that the use was palpably private, or the necessity for the taking was without any reasonable foundation. L. & N. R. Co. v. City of Louisville, 131 Ky. 108, 114 S. W. 743, 24 L. R. A. (N. S.) 1213. The offered evidence merely tended to show that there were other ways, both near and remote, by which Frankfort avenue and the property in that section might be reached, and that, with the extension of Hillcrest avenue, the blocks in that section would not be as long as they were in other sections of the city. In our opinion this evidence did not come up to the requirement of the rule, and was properly rejected as not being sufficient to authorize the court to substitute its judgment for the judgment of the municipal authorities on the question of necessity.

Another contention is that the measure of damages announced in the case of L. & N. R. Co. v. City of Louisville, *supra,* and followed by the trial court, excluded certain elements of damage to which the company was plainly entitled, such as the maintenance of a switchman's gate and house, and an annual expenditure for crossing protection, etc., and that that case should be overruled. That case was very carefully considered, and after an extended reference to the authorities and an elaborate discussion of the question, we concluded to adopt the measure of damages prescribed by the United States Supreme Court in the case of Chicago, &c., R. Co. v. Chicago, 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979, and followed by the courts of many other states. In summing up the matter we said: "All that the company will be deprived of by the streets is the exclusive use of its right of way at these places, and the difference in value between the exclusive and the joint use is the full measure of its just compensation." While this measure of damages may leave something to be desired in the way of certainty, practically all rules for computing damages are subject to the same criticism, and a reconsideration of the question convinces us that it will be better to adhere to the rule complained of than to adopt a new rule including elements of damage that might never be sustained.

The further point is made that the verdict is flagrantly against the evidence which the jury considered, and had a right to consider, on the question of damages. In

support of this position, attention is called to evidence that the safety of the company's traffic, after the street was constructed, would require the removal of a spring-rail at a cost of $250.00, and of other appliances at a cost of $75.00, and to further evidence that the increased cost of maintaining the tracks would amount to $85.00 per annum, or a total damage far in excess of that allowed by the jury. It must be remembered, however, that the evidence for the city tended to show that the diminution in the value of the use of the right of way was merely nominal. Furthermore, the evidence was conflicting as to whether there was any real necessity for removing the springrail and changing the other appliances, and even if necessary, the jury to whom the physical conditions were explained and the price of labor given were not bound to accept the estimates made by the company's witnesses. The same is true in regard to their estimates of the increased cost of maintaining the tracks, and the jury were not required to award the company such a sum as would, at six per cent interest, produce an income sufficient to represent the increased cost, but were merely required to consider the evidence as bearing on the diminution in the value of the use of the right of way. L. & N. R. Co. v. City of Louisville, 122 S. W. 849. In view of these considerations, we are unable to say that the verdict is flagrantly against the evidence.

Judgment affirmed.